KEYS v TRAVELERS INSURANCE COMPANY

Docket No. 60868. Submitted November 3, 1982, at Detroit.—Decided April 5, 1983.

Larry Keys, a passenger in a 1972 Ford Maverick owned by Charles Jackson, was injured in an automobile accident. Keys obtained a judgment against Jackson and received personal injury protection benefits from Travelers Insurance Company, Jackson's insurer. Keys is still receiving those benefits from Travelers. Subsequently, Keys brought a suit against the Ford Motor Company based on products liability and a consent judgment was entered against Ford. Travelers notified Keys and Ford that it claimed a lien on any award of damages to Keys from Ford. Keys filed suit in Wayne Circuit Court against Travelers seeking a declaratory judgment that Travelers was not entitled to reimbursement for money damages awarded to him in the products liability action against Ford. Travelers filed a counterclaim based on unjust enrichment. The court, Lucile A. Watts, J., granted summary judgment for the plaintiff. The defendant appealed. *Held:*

The trial court properly concluded that the defendant was not entitled to reimbursement from the proceeds of the settlement between plaintiff and Ford. An insurance carrier is not entitled to reimbursement out of a third-party tort recovery where the tort recovery does not include damages for losses for which personal protection insurance benefits were paid. In denying reimbursement to the defendant the trial court found that there was no evidence that the settlement in the products liability action was for economic losses.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE.

The 1978 amendment to the section of the no-fault act which provides for reimbursement of personal protection insurance

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance § 348.

Right of insurer to reimbursement out of recovery against tortfeasor. 69 ALR3d 830.

[2] 7 Am Jur 2d, Automobile Insurance § 349.

benefits paid to an injured party who subsequently recovers in tort should not be applied retroactively (MCL 500.3116; MSA 24.13116).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — REIMBURSEMENT FROM TORT RECOVERY — STATUTES.

An insurance carrier which has paid personal injury protection benefits under a no-fault insurance policy is entitled to reimbursement out of a third-party tort recovery by the person injured as a result of a motor vehicle accident only to the extent that the tort recovery includes damages for losses for which personal injury protection benefits were paid (MCL 500.3116[2]; MSA 24.13116[2]).

*Logan & Ashare* (by *James F. Logan*), for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Charles W. Fisher*), for defendant.

Before: BRONSON, P.J., and V. J. BRENNAN and J. H. GILLIS, JJ.

V. J. BRENNAN, J. Plaintiff filed this action seeking a declaratory judgment that defendant, having paid personal injury protection benefits to plaintiff, was not entitled to reimbursement for money damages awarded to plaintiff in a products liability action against a third-party tortfeasor.

Plaintiff was injured in an automobile accident on April 1, 1975. Plaintiff was a passenger in a 1972 Maverick owned by Charles Jackson and manufactured by the Ford Motor Company. Plaintiff recovered $20,000 in a suit against Jackson, and received personal injury protection insurance benefits from defendant. Those benefits have been paid by defendant to plaintiff periodically since 1975 and are still being paid.

Plaintiff sued the Ford Motor Company for damages on a products liability theory, alleging that a

seat in the Maverick failed due to a defect in its manufacture and that the failure was a cause of the plaintiff's injuries. On March 20, 1980, defendant notified plaintiff and the Ford Motor Company that it claimed a lien on any award of damages won by plaintiff from Ford in his products liability action. On April 22, 1980, plaintiff and Ford entered into a consent judgment settling the plaintiff's claim for $490,000.

Plaintiff filed this declaratory action against the defendant on May 21, 1980. On July 16, 1981, plaintiff moved for summary judgment under GCR 1963, 117.2(2). Defendant filed a response to the motion on August 3, 1981, and simultaneously filed a counterclaim on the theory of unjust enrichment. Plaintiff's motion was granted on October 1, 1981. Defendant appeals as of right.

Defendant claims that it is entitled to reimbursement from the proceeds of the settlement between plaintiff and Ford pursuant to § 3116 of the no-fault act as it was worded prior to a 1978 amendment. MCL 500.3116; MSA 24.13116.

We first find that the amended version of § 3116 does not apply to this case where the injury and the initiation of the lawsuit, which resulted in a recovery against a third-party tortfeasor, occurred prior to the effective date of the 1978 amendment.[1] *State Farm Mutual Automobile Ins Co v Soo Line R Co*, 106 Mich App 138, 142-143; 307 NW2d 434 (1981), *lv den* 413 Mich 920 (1982); *Auto-Owners Ins Co v Employers Ins of Wausau*, 103 Mich App 682, 685-686; 303 NW2d 867 (1981); *Schwark v Lilly*, 91 Mich App 189, 199; 283 NW2d 684 (1979), *rev'd on other grounds* 411 Mich 909 (1981).

---

[1] It is clear that if the amended version of MCL 500.3116; MSA 24.13116 applied to this case, defendant would not be entitled to reimbursement since the plaintiff's tort claim did not arise from an out-of-state accident, an uninsured driver, or an intentional act.

We next find that the trial court properly concluded that the defendant is not entitled to reimbursement from the proceeds of the settlement between plaintiff and Ford. An insurance carrier is not entitled to reimbursement out of a third-party tort recovery where the tort recovery does not include damages for losses for which personal protection insurance benefits were paid. *Workman v Detroit Automobile Inter-Ins Exchange,* 404 Mich 477, 510; 274 NW2d 373 (1979); *State Farm, supra,* pp 146-147. Here, the settlement agreement between plaintiff and Ford was silent as to whether the award was compensation for economic or noneconomic damages. In denying reimbursement to the defendant, the trial court found that there was no evidence that the settlement in the products liability action was for economic losses. We find no error on the part of the trial court. In cases where the settlement is silent, we presume that the settlement did not compensate the injured party for economic losses.

Affirmed.