## MURPHY v DAIRYLAND INSURANCE COMPANY

Docket No. 67492. Argued May 3, 1983 (Calendar No. 1).—Decided
    November 7, 1983.

Rolla J. Murphy brought an action in the Ingham Circuit Court
    against Dairyland Insurance Company and American Fidelity
    Fire Insurance Company, seeking personal and property protec-
    tion insurance benefits for damages arising out of a collision of
    an automobile and the plaintiff's motorcycle. The court, Robert
    Holmes Bell, J., granted the plaintiff's motion for summary
    judgment against Dairyland on his claim for damage to the
    motorcycle. The Court of Appeals, Bashara, P.J., and T. M.
    Burns and Beasley, JJ., reversed in an unpublished opinion per
    curiam (Docket No. 50028). The plaintiff appeals.

    In a unanimous opinion by Justice Brickley, the Supreme
    Court held:

    Property damage to a motorcycle in a collision with a motor
    vehicle while the motorcycle is being operated on a public
    highway is excluded from property protection insurance bene-
    fits.

    1. The term "vehicle" used in the sections of the no-fault act
    providing for the property damage liability of an insurer is not
    synonymous with the term "motor vehicle" used elsewhere in
    the act, which is defined to exclude motorcycles. The act
    provides that an insurer need not pay property protection
    insurance benefits for damage to a "vehicle" which is operated
    or designed for operation upon a public highway by power
    other than muscular power. A motorcycle is a vehicle operated
    by power other than muscular power.

    2. In this case, the plaintiff was operating his motorcycle on a
    public highway at the time of the accident. Therefore, the
    damages he sustained are excluded from property protection
    insurance benefits under the no-fault act.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 353, 366.
What constitutes a "motor vehicle" covered under no-fault insur-
    ance. 60 ALR3d 651.

INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — PROPERTY
    PROTECTION INSURANCE.
    A motorcycle is a "vehicle" which is operated by power other
    than muscular power as defined under the no-fault act, and
    where a motorcycle sustains damage in a collision with a motor
    vehicle while being operated upon a public highway the dam-
    age is excluded from property protection insurance benefits
    (MCL 500.3101[2][c], 500.3123[1][a]; MSA 24.13101[2][c],
    24.13123[1][a]).

*Farhat, Burns, Story & Stafford, P.C.* (by *Charles
E. Henderson*), for the plaintiff.

*Fowler, Tuttle & Harley* (by *Larry D. Fowler*) for
Dairyland Insurance Company.

BRICKLEY, J. Plaintiff motorcyclist was seriously
injured and his motorcycle extensively damaged as
a result of a collision on July 3, 1979, with an
automobile insured by defendant Dairyland Insur-
ance Company. Plaintiff filed an action against
Dairyland and others seeking personal protection
insurance benefits and property protection insur-
ance benefits pursuant to the Michigan no-fault
act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*
Subsequently, plaintiff moved for partial summary
judgment against Dairyland in respect to his claim
for the cost of repairing his motorcycle. Plaintiff's
motion was granted.[1] The Court of Appeals re-
versed in an unpublished opinion per curiam,
finding no liability on the part of Dairyland for

---

[1] Plaintiff was awarded $1,907.63 plus interest and costs.
Our review of the motion filed by plaintiff, of the argument before
the trial court, and of the order entered by the trial judge has not
revealed the subsection of GCR 1963, 117, relied on as authority for
the granting of plaintiff's motion. In view of our disposition of this
matter, further action is not required. We note, however, that the
practice of "hedging one's bets" by failing to specifically cite to the
appropriate authority prompted proposed rules MCR 2.116(C) and
2.119(A)(1)(b).

physical damage to plaintiff's motorcycle. We granted leave to appeal. 414 Mich 863 (1982).

The issue we are asked to decide is whether damages sustained by a motorcycle involved in a collision with a motor vehicle are excluded from property protection insurance coverage under § 3123 of the no-fault act.[2] We conclude that the analysis used in *Pioneer State Mutual Ins Co v Allstate Ins Co,* 417 Mich 590; 339 NW2d 470 (1983), decided today, controls the resolution of this issue.

Plaintiff's argument may be synopsized as follows:

1. The definition of motor vehicle in the no-fault act expressly excludes motorcycles. MCL 500.3101(2); MSA 24.13101(2).[3]

2. "Motor vehicle" and "vehicle" are used interchangeably and synonymously throughout the act.

3. "Vehicle" as that term is used in MCL 500.3123(1)(a); MSA 24.13123(1)(a) must mean "motor vehicle".[4]

---

[2] Plaintiff settled his claim for personal protection insurance benefits. An order for discontinuance with prejudice as to that claim was entered on November 17, 1980.

[3] At the time of plaintiff's collision, MCL 500.3101(2); MSA 24.13101(2) read, in pertinent part:

" 'Motor vehicle' as used in this chapter * * * means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels, but does not include a moped".

After plaintiff's collision, that section of the no-fault act was amended to read, in pertinent part:

" 'Motor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped". 1980 PA 445, MCL 500.3101(2)(c); MSA 24.13101(2)(c).

[4] MCL 500.3123(1)(a); MSA 24.13123(1)(a) reads, in pertinent part:

"Damage to the following kinds of property is excluded from property protection insurance benefits:

"(a) Vehicles and their contents, including trailers, operated or designed for operation upon a public highway by power other than muscular power".

4. Therefore, property damage to a motorcycle is recoverable as property insurance benefits under MCL 500.3121(1); MSA 24.13121(1).[5]

In *Pioneer, ante,* p 594, where plaintiffs advance the identical argument, we state:

"We disagree with the plaintiff's contention that the Legislature intended the term 'vehicle' as used in § 3123(1)(a) to be synonymous with the term 'motor vehicle' as defined in § 3101(2)(c). If the Legislature had intended these two terms to be synonymous, there would have been no need to provide a separate definition of the term 'vehicle', as found in § 3123(1)(a). Although the term 'vehicle' is also used in other provisions of the act, it is not separately defined in those provisions as it is in § 3123(1)(a). Consequently, although the Legislature may have used the term 'motor vehicle' and 'vehicle' interchangeably in other provisions of the act, the fact that the term 'vehicles' in § 3123(1)(a) is accorded a separate definition in order to preclude the application in that section of the more limited term 'motor vehicle', as defined in § 3101(2)(c), indicates that the Legislature obviously chose to include a broader class of vehicles within the scope of § 3123(1)(a).

\* \* \*

"We believe that the language of § 3123(1)(a) is clear and unambiguous. The exclusion in that section applies to vehicles operated or designed for operation on a public highway by power other than muscular power."

Consistent with our analysis in *Pioneer,* we conclude that the exclusion in § 3123(1)(a) applies to motorcycles. A motorcycle is a vehicle operated

[5] MCL 500.3121(1); MSA 24.13121(1) reads, in pertinent part:

"Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3123 \* \* \*."

by power other than muscular power. At the time of the collision in this case, the motorcycle was being driven on a public highway. As a result, we hold that property protection insurance benefits are not available for damages sustained by a motorcycle involved in a motor vehicle accident which occurs while the motorcycle is being operated on a public highway.

Affirmed.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, CAVANAGH, and BOYLE, JJ., concurred with BRICKLEY, J.