TRIERWEILER v FRANKENMUTH MUTUAL INSURANCE COMPANY

Docket No. 179443. Submitted March 19, 1996, at Lansing. Decided May 17, 1996, at 9:15 A.M. Leave to appeal sought.

Ellen G. Trierweiler, as next friend of Brad L. Trierweiler, a minor, brought an action in the Ingham Circuit Court against Frankenmuth Mutual Insurance Company after the defendant denied their claim for underinsured-motorist benefits under a policy issued to Brad's father. Brad had sustained injury while riding a farm tractor that was owned and operated by his father and that was struck by an automobile. An action against the driver of the automobile was settled for the full amount of the driver's insurance coverage. In denying the claim, the defendant had invoked a policy exclusion that stated that underinsured-motorist coverage is not provided for bodily injury sustained while occupying any land motor vehicle that was owned by the insured and that was not insured for coverage under the policy. The court, Carolyn Stell, J., granted summary disposition for the plaintiff, ruling that the exclusion did not apply because the tractor was not a land motor vehicle. The defendant appealed.

The Court of Appeals *held*:

Coverage for underinsured motorists is not mandated by the no-fault act, and the term "land motor vehicle," as used in the underinsured-motorist provisions of the policy at issue in this case, should be construed without referring to the no-fault act, which defines "motor vehicle" to exclude tractors. MCL 500.3101(2)(e); MSA 14.13101(2)(e). "Land motor vehicle" has the plain and ordinary meaning of a vehicle that has a motor and travels on land. A farm tractor is such a vehicle.

Reversed and remanded for entry of judgment for the defendant.

INSURANCE — AUTOMOBILES — UNDERINSURED MOTORISTS.

Underinsured-motorist coverage is not mandated by the no-fault act; the term "land motor vehicle," as used in the underinsured-motorist provisions of an automobile insurance policy, when not defined in the policy, is construed without reference to definitions in the no-fault act and means a vehicle that has a motor and travels on land; a farm tractor is one such vehicle.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *George T. Sinas* and *Steven A. Hicks*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Anne K. Newcomer*), for the defendant.

Before: HOLBROOK, JR., P.J., and TAYLOR and W. J. NYKAMP,* JJ.

TAYLOR, J. In this underinsurance-benefits case, defendant appeals as of right an order of the lower court granting summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(10). We reverse and remand for entry of a judgment in favor of defendant.

Plaintiff was a passenger in a farm tractor owned and operated by his father. A speeding, intoxicated driver smashed into the rear of the tractor, causing severe injuries to plaintiff. A civil lawsuit against the driver was settled for the driver's insurance policy limit of $50,000. Plaintiff was considered an insured person under an automobile insurance policy issued by defendant to his father. Plaintiff's injuries were far in excess of the $50,000 he obtained from the driver so he sought underinsurance benefits under his father's policy with defendant. Defendant denied that underinsurance coverage existed because the under-insured-benefits portion of the policy excluded coverage for anyone injured while occupying a "land motor vehicle" owned by a family member and not insured under the policy. As a consequence of defendant's position, plaintiff initiated suit.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The parties agreed that plaintiff's entitlement to underinsurance benefits would be determined by the court through summary disposition. Plaintiff claimed that the definition of an "auto" found in the mandatory no-fault portion of the insurance policy, which excluded farm tractors, should control the definition given to "land motor vehicle" in the exclusionary language on which defendant was relying. Accordingly, plaintiff then concluded that a "land motor vehicle" would not include a farm tractor, and he was not excluded from securing benefits under the underinsurance portion of the policy. Defendant, on the other hand, argued that the exclusion was in a nonmandatory portion of the policy so that the no-fault act and its definitions did not apply, and the issue was only one of contract interpretation of the exclusion in the underinsurance agreement. Defendant then continued by arguing that there was no ambiguity in the contract and that the court should rule as a matter of law that a farm tractor is a "land motor vehicle" so that underinsurance coverage did not exist. Following argument, the court agreed with plaintiff's arguments and granted plaintiff's motion for summary disposition.

We review de novo the trial court's ruling on a motion for summary disposition to determine whether the pleadings or the uncontroverted documentary evidence established that a party is entitled to judgment as a matter of law. MCR 2.116(I)(1); *Asher v Exxon Co, USA*, 200 Mich App 635, 638; 504 NW2d 728 (1993). The existence of either circumstance merits a grant of summary disposition. *Id.*

The insurance policy at issue is in two sections. Parts A through C pertain to coverages mandated by

the no-fault act. In the definitions for parts A through C of the policy, "auto" is defined to mean "*a motor vehicle or trailer required to be registered in this state, operated or designed for use on public roads*" and specifically excludes farm tractors. This definition is consistent with the statutory definition of motor vehicle found in the no-fault act. MCL 500.3101(2)(e); MSA 24.13101(2)(e). As noted by defendant, the Legislature amended the definition of "motor vehicle" in the no-fault act in 1984 to specifically exclude farm tractors. *State Farm Mutual Automobile Ins Co v Wyant*, 154 Mich App 745, 748, n 2; 398 NW2d 517 (1986). Before the 1984 amendment of the definition of "motor vehicle," a tractor was considered a "motor vehicle" under the no-fault act. *Pioneer State Mutual Ins Co v Allstate Ins Co*, 417 Mich 590; 339 NW2d 470 (1983). The policy language regarding underinsured-motorist coverage is found in the second section of the policy (part E). The exclusionary language relied on by defendant states as follows:

> A. We do not provide Underinsured Motorists Coverage for bodily injury sustained by any person:
> 1. While occupying, or when struck by, *any land motor vehicle* owned by you or any family member which is not insured for this coverage under this policy.

The phrase "land motor vehicle" is not defined in the policy.

In interpreting an insurance policy, this Court construes clear and unambiguous provisions according to the plain and ordinary meaning of the terms used in the policy. *Id.* A provision is ambiguous when its words may reasonably be understood in different

ways. An ambiguous insurance policy is to be construed against the drafter and in favor of coverage. *Id.* Exclusionary clauses in insurance policies are strictly construed in favor of the insured. *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 567; 489 NW2d 431 (1992). However, coverage under a policy is lost if any exclusion in the policy applies to an insured's particular claim. *Id.* Clear and specific exclusions must be given effect. *Id.* An insurance company should not be held liable for a risk it did not assume. *Id.* An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy. *Heniser v Frankenmuth Mutual Ins*, 449 Mich 155, 161; 534 NW2d 502 (1995).

Initially, we find that the trial court erred in looking to the no-fault act's definition of "motor vehicle" in determining that a "land motor vehicle" effectively excluded farm tractors. In *Bianchi v Automobile Club of Michigan*, 437 Mich 65, 68; 467 NW2d 17 (1991), the Court construed uninsured-motorist coverage and stated that, because this coverage is not required, the provisions of the no-fault act were not applicable. Thus, this Court looks to the policy language to determine if benefits are provided. *Auto-Owners Ins Co v Leefers*, 203 Mich App 5, 10-11; 512 NW2d 324 (1993); *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525; 502 NW2d 310 (1993).

The fact that the policy does not include a definition of "land motor vehicle" does not create an ambiguity. *Group Ins Co v Czopek*, 440 Mich 590, 596; 489 NW2d 444 (1992) (omitting from an insurance policy the definition of a word that has a common usage

does not create an ambiguity within the policy). Indeed, the Legislature's decision to exclude farm tractors from the definition of "motor vehicle" in the no-fault act likewise suggests that, in its popular and ordinary sense, "motor vehicle" is understood to include farm tractors. *Auto-Owners Ins Co v Ellegood*, 149 Mich App 673, 677; 386 NW2d 640 (1986).

We further note that the exclusionary phrase defendant relies upon is "land motor vehicle" and not just "motor vehicle." The addition of the word "land" must be accorded meaning, *Churchman, supra* at 566. Because a motor vehicle in the no-fault act is, by definition, a vehicle designed for use on public roads, the use of land as an adjective modifying motor vehicle in the underinsurance section of the policy must, by a plain reading, mean the vehicle anticipated was more than a vehicle that would travel only on roads. While most motor vehicles travel only on roads, farm tractors routinely travel on land that is not a highway. It is, therefore, entirely appropriate under principles of contract interpretation to consider a tractor a "land motor vehicle" even though a farm tractor is not an "auto" under the no-fault portion of the insurance policy.

In *Farm Bureau Mutual Ins Co v Stark*, 437 Mich 175, 183; 468 NW2d 498 (1991), the Court said the phrase "land motor vehicle," found in a homeowner's insurance policy, taken and understood in its plain, ordinary, and popular sense, would include a moped and that a "land motor vehicle," simplistically described, is a vehicle with a motor that travels on land. Plaintiff contends that this language from *Stark, supra*, is inapplicable because the Court was constru-

ing a homeowner's policy and because the *Stark* policy contained a lengthy definition of "motor vehicle." While homeowner's insurance policies are different from automobile insurance policies, we find that *Stark* is applicable by analogy. A farm tractor has a motor and travels on land.

Finally, we believe our conclusion that "land motor vehicle" must be read to include a farm tractor in this case is supported by the Supreme Court's peremptory reversal in *Kozma v Auto-Owners Ins Co*, 439 Mich 977 (1992) (reversing the Court of Appeals unpublished decision, Docket No. 118208, issued July 26, 1991). In *Kozma*, the plaintiff sought uninsured-motorist benefits for injuries received while riding a motorcycle. The defendant denied coverage because the policy excluded coverage for any injury sustained while [riding] upon a motor vehicle unless a premium had been paid for such vehicle. "Motor vehicle" was defined in the no-fault portion of the policy to exclude motorcycles. The Court of Appeals used the definition of "motor vehicle" in the no-fault policy to determine that motorcycles were excluded from the uninsured-motorist benefit portion of the insurance policy. The Supreme Court reversed, stating:

> The plaintiff's motorcycle was a "motor vehicle" for purposes of the exclusionary provision of the insurance contract regarding uninsured motorist coverage. Accordingly, the plaintiff was not entitled to uninsured motorist coverage as a result of the accident in the case involving his motorcycle. [439 Mich 977.]

Accordingly, consistent with the above authorities and doctrines, we find that a "land motor vehicle" unambiguously includes farm tractors that have motors and travel across the land.

Reversed and remanded for entry of a judgment in defendant's favor.

W.J. NYKAMP, J., concurred.

HOLBROOK, JR., P.J. I concur in the result only.