*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KE'SHON JOHNSON, Minor, by Next friend
SANDRIA BLAKELY,

UNPUBLISHED
June 25, 2020

Plaintiff-Appellant,

v

No. 347507
Calhoun Circuit Court
LC No. 2017-003215-NF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee,

and

CHRISTOPHER CASTLE and
DEBORAH MYONG-CHA BURCH,

Defendants.

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Sandria Blakely, mother and next friend of Ke'Shon Johnson, appeals as of right the trial court's decision that a moped is a "motor vehicle" under the parties' contract, and therefore defendant[1] was not required to pay uninsured motorist (UM) benefits to Blakely. We reverse.

## I. BACKGROUND

Thirteen-year-old Johnson sustained severe injuries when a vehicle, driven by Christopher Castle and owned by Deborah Myong-Cha Burch, struck the moped he was riding. Burch's vehicle was not insured. Johnson was living with plaintiff at the time of the accident, and plaintiff's

---

[1] The suit against defendants Christopher Castle and Deborah Myong-Cha Burch is not relevant to this appeal, so "defendant" refers only to State Farm Mutual Automobile Insurance Company.

-1-

vehicle was insured by defendant. Plaintiff's insurance policy provided UM coverage, so plaintiff attempted to recover UM benefits for Johnson's injury. Defendant, however, denied coverage—even though Johnson was an insured beneficiary—under the following provision of the UM coverage section of the policy:

**Exclusions**

THERE IS NO COVERAGE:

* * *

2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:

    a. WHILE *OCCUPYING* A MOTOR VEHICLE OR MOTORCYCLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*[.]

In November 2017, plaintiff filed this action seeking to recover UM benefits from defendant. The parties disputed whether a moped was a "motor vehicle" under the UM coverage section of the policy. If it was, then the exclusion above applied, meaning that plaintiff could not recover UM benefits under the policy. The trial court ruled that a moped was indeed a motor vehicle, so plaintiff was excluded from coverage. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by concluding that a moped is a "motor vehicle" under the UM coverage section of the policy. We agree.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). Likewise, this Court reviews de novo the construction and interpretation of an insurance contract." *Lewis v Farmers Ins Exch*, 315 Mich App 202, 209; 888 NW2d 916 (2016).

"[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). "The goal of contract construction is to determine and enforce the parties' intent on the basis of the plain language of the contract itself." *AFSCME v Detroit*, 267 Mich App 255, 262; 704 NW2d 712 (2005) (quotation marks and citation omitted). If the language of the contract is clear and unambiguous, it is construed as written. *Rory*, 473 Mich at 461.

The parties' contract does not define "motor vehicle" in the UM coverage section of the policy.[2] It is therefore appropriate to consult a dictionary to define the term. See *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 515; 773 NW2d 758 (2009). Dictionaries provide varying definitions for "motor vehicle." For instance, *Merriam-Webster Collegiate*

---

[2] The contract does, however, define "motor vehicle" for other sections of the document.

*Dictionary* (11th ed) defines "motor vehicle" as "an automotive vehicle not operated on rails." This broad definition would likely encompass a moped. On the other hand, *Random House Webster's Collegiate Dictionary* (2nd ed) defines "motor vehicle" as "an automobile, truck, bus, or similar motor-driven conveyance." This narrower definition of "motor vehicle" would seemingly not encompass a moped.

Thus, we must choose whether the parties intended for a broad or a narrow definition of "motor vehicle." Several tenants of our contract-interpretation jurisprudence persuade us that the parties intended to use a narrow definition. First, the contract provision at issue is an exclusionary clause, and it is well established that "[e]xclusionary clauses in insurance policies are strictly construed in favor of the insured." *Hayley v Allstate Ins Co*, 262 Mich App 571, 574; 686 NW2d 273 (2004). Second, to the extent that the provision at issue could be fairly read as applying either a broad or narrow definition of "motor vehicle," the provision "should be construed against its drafter and in favor of coverage." *Raska v Farm Bureau Mut Ins Co of Mich*, 412 Mich 355, 362; 314 NW2d 440 (1982).[3] Both of these principles of contract interpretation lead to a single result: the parties intended to apply a narrow definition of "motor vehicle."

Applying a narrow definition of "motor vehicle" to the UM coverage section of the parties' policy, we conclude that a moped is not a "motor vehicle." Under the narrow definition, a "motor vehicle" is "an automobile, truck, bus, or similar motor-driven conveyance." An automobile, truck, and bus all have large engines intended for highway use. A moped, on the other hand, has a small engine making it unsuitable for highway use, though it is sometimes driven on streets.[4] Thus, we conclude that a moped is not a "motor vehicle" under the UM coverage section of the parties' policy, and the trial court erred by interpreting the contract otherwise.

Our reasoning in this case mirrors the reasoning of our Supreme Court in *Stanton v City of Battle Creek*, 466 Mich 611; 647 NW2d 508 (2002). One of the issues in *Stanton* was whether a "forklift" was a "motor vehicle" under the motor vehicle exception to governmental immunity. *Id*.

---

[3] Construing the contract against the drafter seems especially prudent in a case like this where the drafter—defendant—chose to define "motor vehicle" in some sections of the policy, like the "Personal Injury Protection Coverage and Additional Work Loss Coverage" and "Property Protection Coverage" sections of the policy, and then chose to not define the term in the section at issue, thereby creating the ambiguity in the contract.

[4] We acknowledge that this Court has held that " 'motor vehicle,' when given its common sense, ordinary meaning, includes a motorcycle," *Heath v State Farm Mut Auto Ins Co*, 255 Mich App 217, 220; 659 NW2d 698 (2002), but do not believe that this compels a holding that a moped is a motor vehicle. In support of its holding, *Heath* cited *Wert v Citizens Ins Co of Am*, 241 Mich App 313, 321-322; 615 NW2d 779 (2000) (ZAHRA, J., dissenting), rev'd for reasons stated in dissent 463 Mich 927 (2000), where then-Judge ZAHRA reasoned that a motorcycle is commonly accepted as a motor vehicle given that the dictionary defined "motorcycle" as "a *motor vehicle* resembling a bicycle but larger and heavier . . . ." (Quotation marks and citation omitted; alteration in *Wert*.) In contrast, the dictionary defines "moped" as "a lightweight, low-powered motorbike that can be pedaled." *Merriam-Webster Collegiate Dictionary* (11th ed).

at 615. The *Stanton* Court consulted two dictionaries and noted that "[i]t is possible to find varying dictionary definitions of the term 'motor vehicle.' " *Id*. at 617. Despite these varying definitions, the Court concluded that it was required to apply the narrow definition of motor vehicle based on the "principle of our state's jurisprudence that the immunity conferred upon governmental agencies and subdivisions is to be construed broadly and that the statutory exceptions are to be narrowly construed." *Id*. at 618. Though *Stanton* was a case of statutory interpretation, we find its discussion analogous. Moreover, as already explained, several tenants of contract interpretation support our conclusion that the narrow definition of "motor vehicle" applies to this case.[5]

In reaching the opposite conclusion, the trial court relied largely on *Farm Bureau Mut Ins Co of Mich v Stark*, 437 Mich 175; 468 NW2d 498 (1991), overruled on other grounds by *Smith v Globe Life Ins Co*, 460 Mich 446; 597 NW2d 28 (1999), to conclude that a moped was a "motor vehicle" under the parties contract. In *Stark*, the defendant's son was operating a moped when he struck and injured a pedestrian. *Id*. at 176. The pedestrian sued, and the defendant sought indemnification under a homeowner's insurance policy issued by the plaintiff. *Id*. at 176-177. The plaintiff filed a declaratory action asking the court to determine whether the policy covered the defendant's claim, given that the policy did not provide coverage for personal liability and medical payments to others arising out of the use of "motor vehicles." *Id*. at 177-178. Thus, the *Stark* Court was asked the same question that we are: whether a moped is considered a "motor vehicle." The policy in *Stark* defined "motor vehicle" as, among other things, a "land motor vehicle," and the *Stark* Court concluded that "the term 'land motor vehicle,' taken and understood in its plain, ordinary, and popular sense, would include a moped." *Id*. at 182.

Though the *Stark* Court considered the same question that we do, we find that it is not applicable to this case. First, unlike the policy here, the policy in *Stark* explicitly defined "motor vehicle" as "a land motor vehicle." *Id*. at 178. This Court has recognized that the term "land motor vehicle" has a meaning different from "motor vehicle." See *Trierweiler v Frankenmuth Mut Ins Co*, 216 Mich App 653, 658; 550 NW2d 577 (1996) ("We further note that the exclusionary phrase defendant relies upon is 'land motor vehicle' and not just 'motor vehicle.' The addition of the word 'land' must be accorded meaning."). Thus, *Stark*'s conclusion that "the term 'land motor vehicle' . . . would include a moped," *Stark*, 437 Mich at 182, is not applicable to this case.

Second, no dictionary defines the term "land motor vehicle." This seemingly allowed the *Stark* Court to define that term, and then apply that definition to the case. See *Stark*, 437 Mich at

---

[5] Defendant points out that the *Stanton* Court reasoned that its conclusion that a forklift was not a "motor vehicle" was consistent with "other analogous legislative provisions concerning 'motor vehicles.' " *Stanton*, 466 Mich at 617 n 10. However, *Stanton* dealt with statutory interpretation, and so its focus was on interpreting the Legislature's intent. See *id*. at 618. It follows that how the Legislature used the term "motor vehicle" in other provisions was relevant to how the Legislature likely intended the term to be used in the provision at issue in *Stanton*. In this case, we are attempting to determine the *parties'* intent, so how the Legislature uses the term "motor vehicle" is less persuasive.

182 ("In the instant case, we have no difficulty in concluding that the term 'land motor vehicle,' taken and understood in its plain, ordinary, and popular sense, would include a moped. A 'land motor vehicle,' simplistically described, is a vehicle with a motor that travels on land."). Unlike the term "land motor vehicle," the term "motor vehicle" is defined in multiple dictionaries. We find it proper to consult those dictionaries to determine the common, ordinary meaning of the word. See *Stanton*, 466 Mich at 617.[6]

Because a moped is not a motor vehicle under the relevant portion of the parties' policy, the exclusionary clause in the UM coverage section of the policy did not apply.

Reversed.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

[6] Defendant argues that the trial court's decision is also supported by this Court's decision in *Trierweiler*, 216 Mich App 653, but, like *Stark*, the policy at issue in *Trierweiler* dealt with a "land motor vehicle," *id*. at 656, which has a different meaning than "motor vehicle," see *id*. at 658.

Additionally, we note that in the uninsured motorist section, the policy states, "***Uninsured motor vehicle*** means . . . a land motor vehicle or motorcycle the ownership, maintenance, and use of which is . . . not insured . . . ." The same section goes on to state that coverage is precluded "for an ***insured*** who sustains ***bodily injury***: while ***occupying*** a motor vehicle or motorcycle ***owned by you*** or any ***resident relative*** if it is not ***your car*** or a ***newly acquired car*** . . . ." Clearly, defendant was aware of the term "land motor vehicle" and, for whatever reason, chose to not define "motor vehicle" under the relevant section as a "land motor vehicle." This decision added to the internal confusion of the policy (noted in footnote 3), and created the need for us to consult a dictionary for the definition of "motor vehicle" instead of consulting caselaw for the definition of "land motor vehicle."