STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
WYANT

Docket No. 83524. Submitted February 5, 1986, at Grand Rapids.
Decided September 16, 1986.

Jennifer Proctor was injured after she either jumped, fell, or was
pushed off a wagon during a 4-H Club hayride. Her father
collected $76,574.42 in personal protection insurance benefits
from his no-fault insurer, State Farm Mutual Automobile
Insurance Company. Subsequently, State Farm filed an action
in the Cass Circuit Court against Victor Wyant, the driver of
the farm tractor which towed the wagon from which Proctor
fell, and Dave Messner and Diane Messner, the chaperones on
the hayride. State Farm asserted that it was exercising its
contractual right of subrogation in seeking from defendants a
reimbursement of benefits paid to Proctor. The trial court,
Michael E. Dodge, J., granted a motion for summary judgment
by defendant Wyant, ruling that State Farm had failed to state
a claim upon which relief could be granted. State Farm ap-
pealed.

The Court of Appeals *held:*

1. Under the no-fault act, an insurer is liable to pay personal
protection insurance benefits for accidental bodily injury aris-
ing out of the ownership, operation, maintenance or use of a
motor vehicle as a motor vehicle. At the time of the accident, a
farm tractor was a motor vehicle for purposes of the no-fault
act. Therefore, personal protection benefits were properly paid
in this case.

2. The no-fault act provides that an insurer has the right to
seek reimbursement for personal protection insurance benefits
paid or payable in only three situations, none of which applied
in this case.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BEN-
EFITS.

The right to recover personal protection insurance benefits for

REFERENCES
Am Jur 2d, Automobile Insurance §§ 347, 348, 351-356, 431, 443.
"Vehicle" or "land vehicle" within meaning of insurance policy
provision defining risks covered or excepted. 65 ALR3d 824.

injuries sustained in a motor vehicle accident is not dependent on whether the motor vehicle is one for which no-fault insurance coverage is mandatory under the no-fault act; instead, the right to recover is dependent only on whether the injury arises out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, as the term "motor vehicle" is defined under the no-fault act (MCL 500.3101[1], 500.3101[2][c], 500.3105[1]; MSA 24.13101[1], 24.13101[2][c], 24.13105[1]).

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — REIMBURSEMENT.

A no-fault insurer may seek reimbursement for personal protection insurance benefits paid or payable only if recovery is realized upon (1) a tort claim arising from an accident occurring outside this state, (2) a tort claim brought within this state against an uninsured owner or operator of a motor vehicle, or (3) a tort claim brought within this state based on intentionally caused harm to persons or property (MCL 500.3116[2]; MSA 24.13116[2]).

3. STATUTES — JUDICIAL CONSTRUCTION.

The most important rule in statutory construction is to discover and give effect to legislative intent; the next rule is to derive the legislative intention from the actual language used in the statute; if the language used is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice and no interpretation is necessary.

*French & Lawrence* (by *Jane M. Stamp*), for plaintiff.

*Butzbaugh & Ryan, P.C.* (by *John E. Dewane*), for defendant.

Before: DANHOF, C.J., and R. M. MAHER and J. C. KINGSLEY,* JJ.

J. C. KINGSLEY, J. Plaintiff appeals from the trial court's grant of summary judgment under GCR 1963, 117.2(2) in response to defendant Wyant's motion.

The record discloses that on the evening of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

September 11, 1982, defendant Wyant was driving his farm tractor, to which two flat haywagons were attached, for a 4-H Club hayride. Defendants Messner were adult chaperones on the hayride. Ten-year-old Jennifer Proctor was riding on the left front corner of the second haywagon, and was seriously injured when she either jumped, fell, or was pushed off the wagon on which she was sitting and was run over by the wheels of the wagon.

Jennifer's father collected $76,574.42 in personal protection insurance benefits from plaintiff, his no-fault insurer. See MCL 500.3105; MSA 24.13105. Plaintiff then commenced this action against defendants to recover the monies paid, founded on a claim of contractual subrogation pursuant to its insurance policy with Mr. Proctor.

The trial court found that plaintiff's right to reimbursement was limited to the confines of the no-fault act, specifically MCL 500.3116(2); MSA 24.13116(2); found that plaintiff's cause of action for subrogation was contrary to the provisions of that statute; and dismissed plaintiff's complaint because it failed to state a claim on which relief could be granted.

Through the no-fault act, the Legislature has provided that an insurer is liable to pay personal protection benefits for accidental bodily injury "arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1); MSA 24.13105(1).

In *Lee v DAIIE*, 412 Mich 505, 512-513; 315 NW2d 413 (1982), our Supreme Court held that the right to recover personal protection insurance benefits for injuries sustained in a motor vehicle accident is not dependent on whether that vehicle is one for which no-fault coverage is mandatory under MCL 500.3101(1); MSA 24.13101(1). Instead, the right to recover is dependent only on whether

the injury arises out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, as the term "motor vehicle" is defined in MCL 500.3101(2)(c); MSA 24.13101(2)(c).

Applying *Lee* to the facts before us, we conclude that personal protection insurance benefits were properly paid in the instant case. Even though a farm tractor is a vehicle which need not be registered in Michigan,[1] it is a "vehicle . . . operated . . . upon a public highway by power other than muscular power which has more than 2 wheels." MCL 500.3101(2)(c); MSA 24.13101(2)(c).[2] The Supreme Court has found that a tractor operated on a public highway fits the § 3101(2)(c) definition of "motor vehicle." *Pioneer State Mutual Ins Co v Allstate Ins Co,* 417 Mich 590, 596; 339 NW2d 470 (1983).

The subject of reimbursement for such payments was addressed by the Legislature in MCL 500.3116(2); MSA 24.13116(2). That section established three situations in which the right of reimbursement may occur, and provides in relevant part:

A subtraction from or reimbursement for personal protection insurance benefits paid or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state, a tort claim brought within this state against the owner or operator of a motor vehicle with respect to which the security required by section 3101(3) and (4) was not in effect, or a tort claim brought within this state based on intentionally caused harm to persons or property, and shall be made only to the

---

[1] MCL 257.216(c); MSA 9.1916(c).

[2] Section 3101(2)(c) was revised effective April 19, 1984, subsequent to the accident at issue, to exclude tractors and other implements of husbandry exempt from registration from the definition of motor vehicles.

extent that the recovery realized by the claimant is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits.

Plaintiff acknowledges the applicability of the *Lee* decision to the facts and concedes that it was required to pay the benefits on behalf of Jennifer. Plaintiff further concedes that its cause of action does not fall within any of the circumstances enumerated in § 3116. Plaintiff argues, however, that its contractual right of subrogation controls because this case falls outside the purview of the no-fault act. In its appellate brief, plaintiff states:

> Even though the No-Fault Act has a "limited application" to the case at hand for purposes of payment of PIP benefits, the Act does not apply "across the board" to the case at hand. This is particularly true for purposes of determining Plaintiff's right to Subrogation and Reimbursement. In determining same, the case at hand falls outside the scope of the act and thus, the Act does not apply.

Plaintiff would have this Court hold that the *Lee* Court's "broad" definition of "motor vehicle" has application only to the payment of personal protection insurance benefits as required pursuant to the policy of the act to protect "persons, not motor vehicles." *Lee, supra,* p 509.

To address plaintiff's claim, we apply the familiar rules of statutory construction:

> The most important rule, of course, is to discover and give effect to the legislative intent.
>
> $*\quad*\quad*$
>
> The next rule is to derive the legislative intention from the actual language used in the

statute. . . . If the language used is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice, and no interpretation is necessary. [*Karl v Bryant Air Conditioning Co,* 416 Mich 558, 567; 331 NW2d 456 (1982).]

We believe that the language of §§ 3105 and 3116 is clear and unambiguous, and the plaintiff's proffered construction is contrary to the plain language of the act. Section 3105 states the circumstances under which personal protection insurance benefits are payable, and those circumstances exist in this case. Section 3116 states unequivocally and unambiguously the "only" circumstances in which an insurer may seek reimbursement for personal protection insurance benefits "paid or payable." As noted above, plaintiff concedes that none of the circumstances exist in this case.

We do not believe there should be a partial application of the provisions of the no-fault act in cases such as this. We can reach no other conclusion than that reimbursement for personal protection insurance benefits paid for injuries arising from the operation of a "motor vehicle" as that term is defined in § 3101(2)(c) cannot be recovered except as provided in § 3116(2). Because we believe reimbursement in this case is not permitted by the no-fault act, the subrogation provisions contained in the Proctor policy are invalid. See *Boettner v State Farm Mutual Ins Co,* 388 Mich 482; 201 NW2d 795 (1972).

Plaintiff argues that because § 3116 was amended to provide for recovery only in limited circumstances, we must amend our application of that section to the facts presented here and permit the policy provisions to control. Plaintiff also claims there are public policy considerations re-

garding the hesitancy of insurance companies to pay PIP benefits in "questionable situations" when they otherwise would do so, if they are not permitted to seek reimbursement as plaintiff attempts to do here.

To construe the act as plaintiff would have us construe it would require a finding that either the *Lee* Court created common-law liability for insurers under § 3105, or the Legislature did not intend the conditions for insurer reimbursement listed in § 3116 to be exclusive. We cannot so find, and leave the public policy considerations for the Legislature to resolve.

Affirmed.