CITIZENS INSURANCE COMPANY v PEZZANI & REID
EQUIPMENT COMPANY, INC (ON REMAND)

Docket No. 141399. Submitted April 8, 1993, at Detroit. Decided
November 1, 1993, at 9:15 A.M.

Citizens Insurance Company, as subrogee of Messina Trucking
Company, Michigan Bell Telephone Company, and the State of
Michigan, brought an action in the Macomb Circuit Court
against Pezzani & Reid Equipment Company, Inc., Gresen
Manufacturing Company, Inc., and others, seeking reimburse-
ment of funds paid under the property protection provisions of
a no-fault policy it had issued. The claims against Pezzani &
Reid and Gresen were based on a theory of products liability.
The court, Kenneth N. Sanborn, J., denied a motion for sum-
mary disposition brought by Pezzani & Reid and Gresen. Those
defendants sought leave to appeal, which the Court of Appeals
denied. The Supreme Court in lieu of granting leave to appeal
remanded the case to the Court of Appeals for consideration as
on leave granted. 437 Mich 1008 (1991).

On remand, the Court of Appeals *held:*

An insurer is entitled to seek reimbursement for payments
made pursuant to no-fault property protection coverage only
where the claim arises out of an accident that occurred outside
the state, the action is against an uninsured owner or operator,
or the action arises out of an intentional tort. Because none of
those conditions apply to the claims against these defendants, it
was error for the trial court to deny their motion for summary
disposition.

Reversed.

*Roy J. Transit,* for Citizens Insurance Company.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton*
(by *George F. Clark* and *Janet Callahan Barnes*),
for Pezzani & Reid Equipment Company.

*Cardelli, Schaefer & Mason, P.C.* (by *Thomas G.
Cardelli*), for Gresen Manufacturing Company.

ON REMAND

Before: DOCTOROFF, C.J., and M.J. KELLY and GRIBBS, JJ.

GRIBBS, J. By order of our Supreme Court, defendants appeal as on leave granted from the circuit court's order denying a motion for summary disposition brought by defendants Pezzani & Reid Equipment Company, Inc., and Gresen Manufacturing Company, Inc. We reverse.

This case arose as a result of property damage caused by a motor vehicle accident. The vehicle, owned by Messina Trucking Company, was insured by plaintiff Citizens Insurance Company. Citizens paid property protection benefits to Messina, the State of Michigan, and the Michigan Bell Telephone Company pursuant to its legal duty as Messina's no-fault insurer. Subsequently, Citizens, as subrogee of those payees, sought reimbursement of the monies it paid as the insurer from a number of defendants, including Pezzani & Reid Equipment Company and Gresen Manufacturing Company, Inc., against whom its claim was based on a theory of products liability. Pezzani & Reid and Gresen sought summary disposition, and the trial court denied the motion, stating that it was unable to conclude that Citizens would not be able to prevail at trial.

It is well settled that

> an insurance carrier responsible for no-fault benefits may realize reimbursement from an insured's third-party tort claim only in the following situations: (1) accidents occurring outside the state, (2) actions against uninsured owners or operators, or (3) intentional torts [*Great Lakes American Life Ins Co v Citizens Ins Co,* 191 Mich App 589, 596; 479 NW2d 20 (1991)].

See also *Auto Club Ins Ass'n v Henley,* 130 Mich App 767, 770; 344 NW2d 363 (1983); *State Farm Mutual Automobile Ins Co v Wyant,* 154 Mich App 745, 750; 398 NW2d 517 (1986). Section 3116 of the no-fault act, MCL 500.3116; MSA 24.13116, essentially limits a no-fault insurer's right to reimbursement to recoveries from motorist tortfeasors or for intentional torts. *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 545; 309 NW2d 174 (1981). The provisions of § 3116 explicitly apply to property protection coverage. MCL 500.3127; MSA 24.13127.

None of the circumstances that allow reimbursement under § 3116 are involved in this case. The accident at issue did not occur out of state or involve either an uninsured motorist or an intentional tort. The statutory language is clear and unambiguous. A common-sense reading of §§ 3116 and 3127 convinces us that plaintiff may not seek reimbursement for property protection benefits paid in this case.

Reversed.