# STATE OF MICHIGAN

# COURT OF APPEALS

GRANGE INSURANCE COMPANY OF
MICHIGAN, Subrogee of KYLE ACHENBACH,
KIARA ACHENBACH, and HANNAH
ACHENBACH

UNPUBLISHED
June 22, 2017

Plaintiff-Appellant,

v

No. 331082
Eaton Circuit Court
LC No. 15-000790-NP

BENTELER AUTOMOTIVE CORP. and FORD
MOTOR CO.,

Defendants-Appellees.

Before: TALBOT, C.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

In this insurance subrogation case, plaintiff, Grange Insurance Company, appeals as of right the trial court's order granting summary disposition to defendants, Benteler Automotive Corp and Ford Motor Company, pursuant to MCR 2.116(C)(8) (failure to state a claim upon which relief may be granted). Because Grange Insurance's claim is barred by MCL 500.3116(2), we affirm.

## I. BASIC FACTS

This case arises from a single vehicle rollover accident. According to the complaint, Heather Achenbach[1] was driving a 2001 Ford Windstar Minivan when she heard a "loud pop" and the vehicle started swerving. Achenbach lost control of the vehicle, and it rolled multiple times. As a result of the accident, Achenbach and her passengers, Kiara and Hannah Achenbach, sustained severe injuries. The accident was allegedly caused by a defective axle manufactured by Benteler Automotive and installed in a vehicle manufactured by Ford Motor Company. Grange Insurance alleged that it had paid personal protection insurance benefits (PIP benefits) in

---

[1] In their briefs on appeal, the parties refer to Heather as "Heather Rauner," not "Heather Achenbach." The complaint, however, identifies her last name as Achenbach.

-1-

excess of $340,000 and would pay additional PIP benefits in the future on behalf of Kiara and Hannah.

In order to obtain reimbursement for the PIP benefits it paid, Grange Insurance brought the instant suit, asserting claims for negligence, breach of express and implied warranties, and violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq.* In response, Benteler Automotive and Ford Motor Company filed a motion for summary disposition under MCR 2.116(C)(8), arguing that Grange Insurance's claim was barred by MCL 500.3116. After oral argument, the trial court agreed and granted summary disposition in favor Benteler Automotive and Ford Motor Company.

## II. APPLICABILITY OF MCL 500.3116

### A. STANDARD OF REVIEW

Grange Insurance argues that the trial court erred in granting summary disposition. A trial court's decision to grant summary disposition is reviewed de novo. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). "A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone." *Id*. "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Id*., quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

### B. ANALYSIS

Grange Insurance argues that the limitation on subtraction and reimbursement in MCL 500.3116 only applies when a no-fault insurer is claiming a lien in its insured's third-party tort recovery against a tortfeasor. Grange Insurance insists that because this case involves a subrogation action, where it is standing directly in the shoes of Kiara and Hannah (the insureds), MCL 500.3116 does not apply. In order to determine the scope of § 3116, we look to the plain language of the statute. *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009). Nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 218; 801 NW2d 35 (2011).

As a general rule, a no-fault insurer cannot make a subtraction from PIP benefits "because of the value of a claim in tort based on the same accidental bodily injury." MCL 500.3116(1). That is to say, if a tort claim is "based on the same accidental bodily injury" as the claim for PIP benefits, then the no-fault insurer cannot subtract from the PIP benefits it owes to its insured. Here, because the products liability claim and the PIP benefits are "based on the same accidental bodily injury," Grange Insurance cannot make a subtraction from the PIP benefits paid or payable to Kiara and Hannah unless the exception in MCL 500.3116(2) applies. MCL 500.3116(2) provides in relevant part:

(2) A subtraction from or reimbursement for personal protection insurance benefits paid or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state, a tort claim brought within this state against the owner or operator of a motor vehicle with respect to which the security required by section 3101 (3) and (4) was not in effect, or a tort claim brought within this state based on intentionally caused harm to persons or property, and shall be made only to the extent that the recovery realized by the claimant is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits. A subtraction shall be made only to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. If personal protection insurance benefits have already been received, the claimant shall repay to the insurers out of the recovery a sum equal to the benefits received, but not more than the recovery exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. The insurer shall have a lien on the recovery to this extent. . . .

The first part of the first sentence in § 3116(2) provides that "[a] subtraction from or reimbursement for" PIP benefits "paid or payable" under the no-fault act "shall be made only if recovery is realized upon a tort claim [1] arising from an accident occurring outside this state, [2] a tort claim brought within this state against the owner or operator of a motor vehicle with respect to which the security required by section 3101 (3) and (4) was not in effect, or [3] a tort claim brought within this state based on intentionally caused harm to persons or property . . . ." Stated differently, the first part of the first sentence provides that in order for a no-fault insurer to receive either a subtraction from or a reimbursement for PIP benefits paid or payable under the no-fault act, the insured's recovery must be for (1) a claim arising from an out-of-state accident, (2) a tort claim against an uninsured driver, or (3) an intentional tort claim. The second part of the first sentence then provides that the no-fault insurer can only receive a subtraction from or a reimbursement "to the extent that the [insured's] recovery realized . . . is for damages for which the [insured] has received or would otherwise be entitled to receive personal protection insurance benefits." In other words, if the insured does not recover damages duplicative of the PIP benefits the insured received or is entitled to receive from the insured's no-fault insurer, then the no-fault insurer cannot make any claim for a subtraction or a reimbursement. Therefore, in order to be reimbursed for PIP benefits paid or payable, (1) the claim against the third-party tortfeasor must fall within one of the three situations set forth in the first part of the first sentence and (2) the insured must have actually received benefits duplicative of the PIP benefits in its recovery in the third-party tort. Here, the claim against Benteler Automotive and Ford Motor Company does not fall within the three situations set forth in the first part of the first sentence of § 3116(2). Further, in their settlement with Benteler Automotive and Ford Motor Company, the insureds, Kiara and Hannah, did not actually receive benefits duplicative of the PIP benefits paid by Grange Insurance. Therefore, under the plain language of the statute, Grange Insurance is not entitled to a reimbursement for the PIP benefits it paid or a subtraction from the PIP benefits that may become payable in the future.

Significantly, MCL 500.3116 has been applied in both cases where the no-fault insurer was seeking a lien in its insured's recovery and in cases where the no-fault insurer was acting as a subrogee of its insured's right to recover from the third-party tortfeasor benefits duplicative of

-3-

the PIP benefits paid or payable by the no-fault insurer to the insured under the no-fault act. See *Citizens Ins Co v Pezzani & Reid Equip Co, Inc (On Remand)*, 202 Mich App 278; 507 NW2d 833 (1993) (subrogation action); see also *Great American Ins Co v Queen*, 410 Mich 73; 300 NW2d 895 (1980) (lien); *Ryan v Ford Motor Co*, 141 Mich App 762; 368 NW2d 266 (1985) (same); *Keys v Travelers Ins Co*, 124 Mich App 602; 335 NW2d 100 (1983) (same). Relying on *Queen*, *Ryan*, and *Keys*, Grange Insurance asserts that MCL 500.3116(2) only applies when a lien against the insured's recovery from a third-party tortfeasor is involved. However, given that § 3116 was applied in *Pezzani (On Remand)*, a subrogation case, we find that argument to be without merit.

Grange Insurance further seeks to avoid the application of § 3116 by directing our attention to our Supreme Court's decision in *Citizens Ins Co v Tuttle*, 411 Mich 536; 309 NW2d 174 (1981). In *Tuttle*, a truck collided with a cow running loose on the highway. *Id*. at 541-542. The truck's no-fault insurer paid its insured for the cost of repairing the truck and brought a negligence action against the cow's owner for failing to restrain the cow. *Id*. at 542. At the beginning of the opinion, our Supreme Court broadly stated:

> The question presented is whether the provision of the no-fault act which abolishes certain tort liability relieves a non-motorist tortfeasor of liability for losses arising from a motor vehicle accident caused by his lack of care. We hold that it does not. [*Id*. at 541.]

However, *Tuttle* was interpreting MCL 500.3135(2), which provided that "tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle . . . is abolished" with certain exceptions. Interpreting that statute, the Court concluded that because the tort liability against the cow's owner arose from his allegedly negligent keeping of a cow, not from the "ownership, maintenance, or use" of a motor vehicle, § 3135(2) did not abolish the cow owner's tort liability. *Tuttle*, 411 Mich at 545-546. Therefore, although, out-of-context, the above quote appears to be directly on point, in context, it only refers to whether tort liability was abolished under § 3135.

*Tuttle* also provided that

> The no-fault insurer's right to subtraction or reimbursement is limited by § 3116(2) to recoveries from *motorist* tortfeasor or for intentional torts. There is no right to subtraction or reimbursement with respect to a tort recovery from a non-motorist defendant which duplicates personal protection insurance benefits. [*Id*. at 552.]

We note that, because this was unnecessary to the holding in *Tuttle*, it is properly classified as nonbinding dicta.[2] However, in *Pezzani (On Remand)*, 202 Mich App at 279-280, we embraced that interpretation. In *Pezzani (On Remand)*, the no-fault insurer paid property protection benefits to a number of payees as required under the no-fault act, and then, as subrogee to the payees, sought reimbursement from a number of third-party non-motorist tortfeasors on a products liability theory. *Id*. at 279. This Court held that the insurer's claim against the non-motorist tortfeasors was barred by MCL 500.3116, reasoning:

> It is well settled that
>
> > an insurance carrier responsible for no-fault benefits may realize reimbursement from an insured's third-party tort claim only in the following situations: (1) accidents occurring outside the state, (2) actions against uninsured owners or operators, or (3) intentional torts [*Great Lakes American Life Ins Co v Citizens Ins Co*, 191 Mich App 589, 596; 479 NW2d 20 (1991).]
>
> See also *Auto Club Ins Ass'n v Henley*, 130 Mich App 767, 770; 344 NW2d 363 (1983); *State Farm Mutual Automobile Ins Co v Wyant*, 154 Mich App 745, 750; 398 NW2d 517 (1986). Section 3116 of the no-fault act, MCL 500.3116, essentially limits a no-fault insurer's right to reimbursement to recoveries from motorist tortfeasors or for intentional torts. *Citizens Ins Co of America v Tuttle*, 411 Mich 536, 545; 309 NW2d 174 (1981). The provisions of § 3116 explicitly apply to property protection coverage. MCL 500.3127.
>
> > None of the circumstances that allow reimbursement under § 3116 are involved in this case. The accident at issue did not occur out of state or involve either an uninsured motorist or an intentional tort. The statutory language is clear and unambiguous. A common-sense reading of §§ 3116 and 3127 convinces us that plaintiff may not seek reimbursement for property protection benefits paid in this case. [*Pezzani (On Remand)*, 202 Mich App at 279-280.]

We are bound to follow the holding in *Pezzani (On Remand)*. See MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.").[3]

---

[2] Obiter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, "lack the force of an adjudication." *Wold Architects and Engineers v Strat*, 474 Mich 223, 232 n 3; 713 NW2d 750 (2006) (citations and quotation marks omitted).

[3] In its brief on appeal, Grange Insurance notes that *Pezzani (On Remand)* is "extremely short," related to property protection insurance benefits, and is more than 20 years old. Standing alone, neither the length nor the age of an opinion published after November 1, 1990 diminishes its

Here, like in *Pezzani (On Remand)*, "[n]one of the circumstances that allow reimbursement under § 3116 are involved." *Pezzani (On Remand)*, 202 Mich App at 280. Therefore, Grange Insurance is barred by § 3116(2) from bringing the instant case against Benteler Automotive and Ford Motor Company.

We would be remiss, however, to not address Grange Insurance's final argument. Grange Insurance relies on this Court's decision in *State Auto Ins Co v Velazquez*, 266 Mich App 726; 703 NW2d 223 (2005). In that case, seeking to recover no-fault benefits that it paid to the insured, the no-fault insurer filed a subrogation action against third-party tortfeasors. *Id*. at 727-728. The insured settled his negligence claim against the third-party tortfeasor, but did not make a claim for any "expenses or damages already redressed through PIP benefits." *Id*. at 728-729. After noting that a subrogee "stands in the shoes of the subrogor" and acquires the same rights as the subrogor, this Court reasoned that the no-fault insurer's "right of subrogation regarding the PIP benefits accrued upon payment of the PIP benefits to its insured." *Id*. at 729 (citations and quotation marks omitted). The Court then concluded that:

> although defendants are not liable under the no-fault act for the payment of PIP benefits to plaintiff's insured, this does not automatically mean that they are not liable for the same economic damages redressed by PIP benefits based on fault. PIP benefits include payment for economic losses including "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). Generally, a negligent defendant is liable for all injuries resulting directly from his or her wrongful act, whether foreseeable or not, if the damages were the legal and natural consequences of the defendant's conduct and might reasonably have been anticipated. *Ensink v Mecosta Co Gen Hosp*, 262 Mich App 518, 524; 687 NW2d 143 (2004). Such damages would include plaintiff's insured's medical expenses and lost wages, which are also covered by PIP benefits. As such, defendants' assertion that plaintiff's insured had no right against them for PIP benefits means little where the insured possessed the right to recover the same type of damages from defendants in his tort negligence suit. While plaintiff's insured chose not to request such damages so as to relieve himself of the duty to reimburse plaintiff out of his recovery pursuant to MCL 500.3116, he still possessed the right to request such damages. Therefore, plaintiff, as the insured's subrogee, also possessed the right to request such damages. [*Id*. at 730-731.]

Grange Insurance urges that we find *Valezquez* directly on point. It is not. *Valezquez* never addressed whether the insured's third-party tort claim fell within one of the three situations set forth in the first sentence of § 3116(2). Instead, the *Valezquez* Court implicitly stated that if the insured had sought from the third-party tortfeasors damages duplicative of the PIP benefits

precedential effect. See MCR 7.215(J)(1). Moreover, although MCL 500.3116(2) only refers to "personal protection insurance benefits," i.e., PIP benefits, instead of property protection insurance benefits, MCL 500.3127 expressly states that § 3116(2) applies to property protection insurers. In other words, when applying § 3116(2), there is no meaningful distinction between personal protection insurance benefits and personal property insurance benefits.

that he had received from his no-fault insurer, then the insured's no-fault insurer would have been entitled to reimbursement under § 3116(2). See *Id*. at 731 (stating that "plaintiff's insured chose not to request such damages so as to relieve himself of the duty to reimburse plaintiff out of his recovery pursuant to MCL 500.3116 . . ."). However, because the benefits were not sought—even though they could have been sought by the insured—the no-fault insurer, as subrogee to its insured, could seek the benefits as subrogee. *Id*. In this case, however, if Kiara and Hannah (the insureds) had sought and received damages duplicative of the PIP benefits paid or payable to them, Grange Insurance would be barred by § 3116(2) from receiving a reimbursement because the third-party tort does not involve an out-of-state accident, a tort claim against an uninsured motorist, or an intentional tort claim.[4]

For the foregoing reasons, we affirm. Benteler Automotive and Ford Motor Company, as the prevailing parties, may tax costs under MCR 7.219(A).

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael J. Kelly

---

[4] Given our resolution of the above issue, we need not address Benteler Automotive's and Ford Motor Company's argument that Grange Insurance is barred from recovery by the collateral source rule, MCL 600.6303.