*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON CALL and JAMES CALL,

Plaintiffs,

and

FRANKENMUTH INSURANCE COMPANY,

Intervening Plaintiff-Appellant,

v

L & KJ ENTERPRISES, LLC, doing business as
FAMILY TIRE SERVICE OF MANISTEE,

Defendant-Appellee.

FOR PUBLICATION
April 20, 2026
10:52 AM

No. 366229
Manistee Circuit Court
LC No. 2020-017090-NO

Before: GARRETT, P.J., and MURRAY, BORRELLO, RICK, PATEL, FEENEY, and KOROBKIN, JJ.

GARRETT, P.J.

This Court convened a special panel under MCR 7.215(J)(3) to consider whether MCL 500.3116(2) of the no-fault act, MCL 500.3101 *et seq.*, precludes a no-fault insurer from pursuing a claim against a nonmotorist tortfeasor if the circumstances do not involve those listed in MCL 500.3116(2). In *Citizens Ins Co v Pezzani & Reid Equip Co, Inc (On Remand)*, 202 Mich App 278; 507 NW2d 833 (1993), this Court held that the statute precludes such a claim. Recently, in *Call v L & KJ Enterprises, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 366229); slip op at 4-5 *(Call I)*, this Court opined that MCL 500.3116(2) applies only when an insurer seeks to recoup PIP benefits from its insured after the insured recovers on a tort claim. Because the panel was bound by *Pezzani*, however, it affirmed the trial court's order granting summary disposition in favor of defendant L & KJ Enterprises, LLC, doing business as Family Tire Service of Manistee (Family Tire), and called for the convening of a special panel under MCR 7.215(J)(3) to consider whether *Pezzani* should remain binding authority. We conclude that the *Call I* panel properly interpreted MCL 500.3116(2). We therefore overrule *Pezzani*, reverse the

-1-

trial court's order granting Family Tire's motion for summary disposition, and remand for further proceedings.

## I. FACTUAL BACKGROUND

Deborah Dale drove her 2012 RAV4 to Family Tire for a tire rotation and other services. After the services were completed and she had driven her vehicle approximately one mile, the left rear tire came off the vehicle and struck the vehicle that plaintiff James Call was driving. James's wife, plaintiff Sharon Call, was a passenger in the vehicle. The Calls' vehicle became airborne after striking the tire, and both James and Sharon suffered injuries. They claimed personal protection insurance (PIP) benefits from their no-fault insurer, intervening plaintiff Frankenmuth Insurance Company (Frankenmuth), which paid benefits in the amount of $381,760.17. The Calls also filed a negligence action against Family Tire, and Frankenmuth moved to intervene in the action, as the Calls' subrogee, to recover damages in the amount of PIP benefits it paid to the Calls.

Family Tire objected to Frankenmuth's motion, arguing, in relevant part, that Frankenmuth was not entitled to subrogation under MCL 500.3116(2), which Family Tire claimed limited subrogation to tort claims involving out-of-state accidents, accidents involving uninsured vehicles, and intentionally caused harm to persons or property. Family Tire relied on *Pezzani*, which held that subrogation under the statute was limited to those three circumstances, and argued that none of the circumstances exists in this case. Frankenmuth responded that Family Tire's interpretation of MCL 500.3116(2) was erroneous because the provision applies only when an insurer seeks reimbursement out of its insured's recovery from a third-party tortfeasor. The trial court granted Frankenmuth's motion, and Frankenmuth filed an intervening complaint alleging negligence against Family Tire.

Family Tire moved for summary disposition under MCR 2.116(C)(8) with respect to Frankenmuth's claim, reasserting its arguments based on MCL 500.3116(2) and *Pezzani*. Frankenmuth opposed the motion, again arguing that the statute applies only to an insurer's ability to recoup benefits from its insured and did not apply to an insurer's right to recover from a nonmotorist tortfeasor. Frankenmuth maintained that the statute was inapplicable in this case because it was not seeking reimbursement from the Calls.

Relying primarily on *Pezzani*, the trial court granted Family Tire's motion on the basis that Frankenmuth's complaint did not allege one of the circumstances enumerated in MCL 500.3116(2), which allowed an insurer to recoup benefits paid under the no-fault act. Thereafter, the court denied Frankenmuth's motion for reconsideration and entered a stipulated order dismissing the Calls' claims against Family Tire. Frankenmuth then filed this appeal. As previously stated, in *Call I* this Court disagreed with *Pezzani* and called for the convening of this special panel to determine whether *Pezzani* should remain binding authority.

## II. STANDARD OF REVIEW

"We review de novo questions of statutory interpretation and whether a trial court properly granted summary disposition." *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). In deciding a motion under subrule (C)(8),

the court must accept as true the plaintiff's allegations in the complaint. *Id*. The motion is properly granted "if no factual development could justify the plaintiff's claim for relief." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Determining whether *Pezzani* should remain binding authority requires us to examine the language of the no-fault act. "The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent." *Wiesner v Washtenaw Co Community Mental Health*, 340 Mich App 572, 580; 986 NW2d 629 (2022). The language of the statute provides the most reliable evidence of the Legislature's intent. *City of Coldwater v Consumers Energy Co*, 500 Mich 158, 167; 895 NW2d 154 (2017). If the statutory language is unambiguous, "the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. (citation omitted). In such circumstances, judicial construction is neither required nor permitted. *Id*. "Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id*. at 167-168 (quotation marks and citation omitted).

> Moreover, when considering the correct interpretation, the statute must be read as a whole. Individual words and phrases, while important, should be read in the context of the entire legislative scheme. While defining particular words in statutes, we must consider both the plain meaning of the critical word or phrase and its placement and purpose in the statutory scheme. A statute must be read in conjunction with other relevant statutes to ensure that the legislative intent is correctly ascertained. The statute must be interpreted in a manner that ensures that it works in harmony with the entire statutory scheme. [*Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009) (citations omitted).]

"The no-fault act is a system of compensating injuries and damages incurred in accidents caused by motor vehicles." *Citizens Ins Co of America v Tuttle*, 411 Mich 536, 545; 309 NW2d 174 (1981). "Compensation is due without regard to fault, and the tort system for adjudicating fault was partially abolished." *Id*. In *Tuttle*, our Supreme Court held that MCL 500.3135(2) "was intended to abolish only tort liability arising from a defendant's ownership, maintenance or use of a motor vehicle." *Id*. at 551. In that case, a truck insured by the plaintiff collided with the defendant's cow, which was running loose on a highway, causing the truck to run into a ditch. *Id*. at 541-542. The Court held that MCL 500.3135 did not relieve a nonmotorist tortfeasor from liability for losses caused by a motor vehicle accident. *Id*. at 541. The Court explained, "The tort liability abolished by the no-fault act is only such liability as arises out of the defendant's ownership, maintenance or use of a motor vehicle, not liability which arises out of other conduct, such as the negligent keeping of cattle." *Id*. at 542.

The *Tuttle* Court also noted that several sections of the no-fault act, including MCL 500.3116, "are intended to reduce the cost of insurance by eliminating duplicative recoveries for losses incurred in motor vehicle accidents." *Id*. at 551-552. Recognizing that MCL 500.3116 "provides the no-fault insurer a right of subtraction from or reimbursement for [PIP] benefits to the extent an *insured's tort recovery* duplicates" such benefits, the Court opined that the right of subtraction or reimbursement is limited "to recoveries from motorist tortfeasors or for intentional

torts," and no right of subtraction or reimbursement exists with respect to tort recoveries from nonmotorist tortfeasors. *Id.* at 552 (emphasis added). Thus, the *Tuttle* Court recognized that an insurer's right of subtraction or reimbursement under MCL 500.3116 pertains to its insured's tort recovery.

Family Tire argues that the plain language of MCL 500.3116(2) provides only three circumstances in which an insurer can subtract from PIP benefits owed to an insured or obtain reimbursement of PIP benefits paid to an insured. Those circumstances require that the accident: (1) occurred outside the state of Michigan, (2) involved an uninsured vehicle, or (3) involved an intentional tort. Family Tire asserts that, because this case does not involve any of those circumstances, the trial court properly determined that Frankenmuth's intervening complaint failed to state a claim upon which relief could be granted. We disagree with Family Tire's interpretation of the statute. Interpreting the statute as a whole and reading the words and phrases in context, MCL 500.3116(2) refers to an insurer's ability to recoup benefits from a claimant, typically its insured.

MCL 500.3116 states as follows:

(1) A subtraction from personal protection insurance benefits must not be made because of the value of a claim in tort based on the same accidental bodily injury.

(2) A subtraction from or reimbursement for personal protection insurance benefits paid or payable under this chapter may be made only if recovery is realized on a tort claim arising from an accident that occurred outside this state, a tort claim brought in this state against the owner or operator of a motor vehicle with respect to which the security required by section 3101 was not in effect, or a tort claim brought in this state based on intentionally caused harm to persons or property, and may be made only to the extent that *the recovery realized by the claimant* is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits. A subtraction may be made only to the extent of the recovery, exclusive of reasonable attorney fees and other reasonable expenses incurred in effecting the recovery. If personal protection insurance benefits have already been received, *the claimant shall repay to the insurers* out of the recovery an amount equal to the benefits received, but not more than the recovery exclusive of reasonable attorney fees and other reasonable expenses incurred in effecting the recovery. *The insurer has a lien on the recovery* to this extent. A *recovery by an injured person* or his or her estate for loss suffered by the person may not be subtracted in calculating benefits due a dependent after the death and a recovery by a dependent for loss suffered by the dependent after the death may not be subtracted in calculating benefits due the injured person.

(3) A personal protection insurer with a right of reimbursement under subsection (1), if suffering loss from inability to collect reimbursement *out of a payment received by a claimant on a tort claim*, is entitled to indemnity from a person who, with notice of the insurer's interest, made the payment to the claimant

without making the claimant and the insurer joint payees as their interests may appear or without obtaining the insurer's consent to a different method of payment.

(4) A subtraction or reimbursement is not due the claimant's insurer from that portion of any recovery to the extent that recovery is realized for noneconomic loss as provided in section 3135(1) and (2)(b) or for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110 in excess of the amount recovered by the claimant from his or her insurer. [Emphasis added.]

The italicized language above demonstrates that the "recovery" referenced in the statute is the claimant's recovery on a tort claim. Subsection (1) states the general rule that an insurer may not subtract from PIP benefits otherwise owed to the claimant because of the value of the claimant's tort claim based on the same injury. Subsection (2) provides three exceptions to this general rule. Under that provision, an insurer may subtract benefits owed or obtain reimbursement of benefits paid if the claimant recovered on a tort claim and the accident: (1) occurred outside the state, (2) involved an uninsured vehicle, or (3) involved intentionally caused harm. Subsection (2) further states that in those limited circumstances an insurer may offset or recoup benefits to the extent that the claimant's recovery is duplicative of PIP benefits. In addition, the provision requires *the claimant* to repay benefits already received, and states that "[t]he insurer has a lien on the recovery to this extent." The statute's repeated reference to the "claimant" demonstrates that the subtraction and reimbursement discussed in the statute refers to the claimant's recovery. The provision granting the insurer a lien on the recovery further evidences this point.

Subsection (3) of MCL 500.3116 provides additional support that the statute applies to an insurer's right of reimbursement from a claimant. That provision discusses an insurer's inability to collect reimbursement from a claimant and entitles the insurer to indemnity from a person who makes payment to the claimant alone, rather than to the claimant and the insurer as joint payees, despite knowledge of the insurer's interest in the funds and without obtaining the insurer's consent.

Further, MCL 500.3146 provides a limitations period for an insurer's action seeking recovery or indemnification under MCL 500.3116. MCL 500.3146 states, "An action by an insurer to enforce its rights of recovery or indemnity under section 3116 may not be commenced later than 1 year after *payment has been received by a claimant* upon a tort claim with respect to which the insurer has a right of reimbursement or recovery under section 3116." (Emphasis added.) The plain language of MCL 500.3146 demonstrates that MCL 500.3116 is limited to an insurer's ability to recoup benefits *from the claimant*.

Therefore, reading MCL 500.3116 as a whole and interpreting its language in harmony with MCL 500.3146, we conclude that MCL 500.3116 applies to an insurer's right of reimbursement from a claimant and does not apply to an insurer's tort recovery, as a subrogee, against a nonmotorist tortfeasor.[1] Several decisions have likewise concluded that the language of

---

[1] However, as noted above, an insurer does not have a right to seek reimbursement of PIP benefits, as a subrogee, under MCL 500.3116 when the tortfeasor is a motorist, unless one of the exceptions stated in MCL 500.3116(2) applies (i.e., tort claims involving out-of-state accidents, accidents involving uninsured vehicles, and intentionally caused harm to persons or property).

-5-

MCL 500.3116 applies only to an insured's ability to recoup benefits from a claimant. In *Great Lakes American Life Ins Co v Citizens Ins Co*, 191 Mich App 589, 595; 479 NW2d 20 (1991), this Court stated, "As originally enacted, the no-fault act was arguably ambiguous regarding the extent to which an insurance carrier could seek reimbursement for personal protection insurance benefit payments from an insured's third-party tort recovery." The Court further stated that the 1978 amendment of MCL 500.3116 "unequivocally resolved" any uncertainty, and "[i]t is now clear that an insurance carrier responsible for no-fault benefits may realize reimbursement from an insured's third-party tort claim only in the following situations: (1) accidents occurring outside the state, (2) actions against uninsured owners or operators, or (3) intentional torts." *Id*. at 595-596.

In *Dunn v Detroit Auto Inter-Ins Exch*, 254 Mich App 256, 267; 657 NW2d 153 (2002), this Court stated that "[a] no-fault insurer cannot seek reimbursement for medical benefits paid from an insured's third-party tort recovery except under the limited circumstances set forth in § 3116 of the no-fault act, MCL § 500.3116." Further, in *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 506 n 9; 968 NW2d 482 (2021), our Supreme Court noted that MCL 500.3116 "provid[es] rights of reimbursement and indemnity to no-fault insurers for cases in which a claimant recovers on a tort claim[.]"

Despite caselaw recognizing that MCL 500.3116 pertains to an insurer's ability to recoup benefits from a claimant, this Court in *Pezzani* applied the provision to bar the insurer plaintiff from recovering against the nonmotorist defendants. *Pezzani*, 202 Mich App at 280. The *Pezzani* Court did not provide much detail regarding the factual background of the case but indicated that the case arose because of property damage caused by a motor vehicle accident. The plaintiff insurance company insured the vehicle involved in the accident and paid property protection benefits as a result of the accident. Thereafter, the plaintiff, as subrogee of the payees, filed a product-liability action against the defendants, seeking reimbursement of the benefits paid. The defendants moved for summary disposition, but the trial court denied the motion. *Id*. at 279.

On appeal, this Court cited *Great Lakes* and other caselaw for the proposition that an insurer is entitled to "reimbursement from an insured's third-party tort claim only in the following situations: (1) accidents occurring outside the state, (2) actions against uninsured owners or operators, or (3) intentional torts[.]" *Id*. The *Pezzani* Court also correctly stated that MCL 500.3116 "essentially limits a no-fault insurer's right to reimbursement to recoveries from motorist tortfeasors or for intentional torts." *Id*. at 280. The Court erred, however, in its application of the law. The Court held that the plaintiff could not seek reimbursement from the defendants because "[n]one of the circumstances that allow reimbursement under § 3116" were involved: "The accident at issue did not occur out of state or involve either an uninsured motorist or an intentional tort." Although the Court stated, "The statutory language is clear and unambiguous," it did not analyze the statutory language or explain why the result it reached was consistent with the language. As explained previously, the result in *Pezzani* is not consistent with MCL 500.3116. We therefore overrule *Pezzani*.[2]

---

[2] Under MCR 7.215(J)(1), we must "follow the rule of law established by a prior published decision of [this Court] issued on or after November 1, 1990, that has not been reversed or modified

## IV. APPLICATION

Applying the plain, unambiguous statutory language, this Court in *Call I* determined that MCL 500.3116(2) "applies only to situations where an insurer seeks reimbursement from its insured." *Call I*, ___ Mich App at ___; slip op at 4. Although the *Call I* panel used the term "insured" rather than "claimant," MCL 500.3116(2) and the other subsections of MCL 500.3116 use the term "claimant."[3] Regardless, the *Call I* panel properly concluded that MCL 500.3116 is inapplicable in this case because Frankenmuth does not seek reimbursement of benefits from the Calls. Rather, as the Calls' subrogee, Frankenmuth seeks to recover from Family Tire damages under a negligence theory, and the amount of Frankenmuth's damages is the amount of PIP benefits it paid to the Calls because of Family Tire's alleged negligence. Because MCL 500.3116 does not preclude Frankenmuth's claim, the trial court erred by granting Family Tire's motion for summary disposition.

## V. CONCLUSION

We agree with *Call I* that *Pezzani* fails to adhere to the plain and unambiguous language of MCL 500.3116. We therefore overrule *Pezzani*. Having done so, we cannot affirm the trial court's determination. Because Frankenmuth does not seek reimbursement of PIP benefits from the Calls, MCL 500.3116(2) is inapplicable. Accordingly, we reverse the trial court's order granting summary disposition in favor of Family Tire.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Michelle M. Rick
/s/ Sima G. Patel
/s/ Kathleen A. Feeney
/s/ Daniel S. Korobkin

---

by the Supreme Court, or by a special panel of [this Court] as provided in this rule." As a special panel of this Court, we have authority to overrule *Pezzani*.

[3] Although Frankenmuth was the Calls' insurer, we note that a claimant need not be an insured. For example, MCL 500.3114(1) states that a PIP policy "applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." Thus, persons other than an insured may claim benefits under a policy.